HENRY BUTMAN *versus* DANIEL HOLBROOK, JR. *& al.*

In an action upon a poor debtor's bond, wherein it appeared, that the principal debtor disclosed before the justices, that he had, at the examination, in his possession, " a five dollar bank bill and a dollar in specie," and that before the oath was administered, he " paid over three dollars to his attorney, and three dollars to the justices, as their fees, which they exacted before allowing the oath;" *it was holden,* that under such circumstances the justices had no authority to administer the oath to the debtor, and that their certificate of having done so furnished no defence to the suit upon the bond.

THIS action was submitted on this statement of facts.

" This is an action of debt on a poor debtor's bond dated Nov. 14, 1845, and is to stand upon the following agreed statement of facts. The writ is dated May 25, 1846.

" The plaintiff, in proof of his declaration, offers the bond therein described.

" The defendant in proof of performance of the condition of said bond offers a certificate of two justices of the peace and quorum, that they had allowed the poor debtor the benefit of the oath prescribed in chap. 148, of Rev. Stat., dated Dec. 27, A. D. 1845, which certificate is a part of the case.

" It is agreed, that said Holbrook, the debtor, disclosed before the justices who signed the above mentioned certificate, that he had in his possession a five dollar bank bill on the Bank of Bangor, and one dollar in specie, with which he calculated to pay the expenses of this disclosure.

" It is further agreed that before the oath was administered, the six dollars above named were paid over, three dollars to said Holbrook's attorney, and three dollars to the justices, as their fees, which they exacted before allowing the oath.

" If the plaintiff's action can be sustained on the above facts and evidence, a default is to be entered ; if not the plaintiff will become nonsuit.

" C. P. Brown, plaintiff's att'y.

" A. Waterhouse, defendants' att'y."

The following is a copy of the certificate referred to in the statement of facts.

## "STATE OF MAINE.

[L. S.] "Penobscot, ss. To the sheriff of our county of Penobscot or his deputies and to the keeper of the jail in Bangor in said County, GREETING.

"We the subscribers, two disinterested justices of the peace and of the quorum, in and for said county of Penobscot, hereby certify, that Daniel Holbrook, a poor debtor, arrested on a certain execution issued by the district court, for the eastern district on the 28th day of Oct. A. D. 1845, on a judgment obtained at said court, which was begun and holden at Bangor, in and for said county of Penobscot, on the first Tuesday of Oct. A. D. 1845, for the sum of sixty-eight dollars and seventeen cents, damage, and costs of court, taxed at six dollars and fifty cents, and enlarged by giving bonds to the creditor, and has caused Henry Butman, the creditor, to be notified according to law, of his, the said debtor's desire of taking the benefit of the one hundred and forty-eighth chap. of the Revised Statutes of this State, entitled for the relief of poor debtors, that in our opinion he is clearly entitled to have the oath prescribed in the 28th section of said chapter, administered to him by us, and that we have, after due caution to him, administered said oath to him. Witness, our hands and seals this 27th day of Dec. A. D. 1845.

"Joshua Hill, } Justices of the
"B. F. Mudgett, } Peace & Quorum."

*C. P. Brown,* for the plaintiff.

The bond, in this case, sealed and executed by the defendants, being in all respects a statute bond, supports the declaration in the plaintiff's writ and makes, on the part of the plaintiff, a perfect case. The burthen of proof is now shifted upon the defendants to show, that there has been a legal compliance with the conditions of the bond. In these proceedings nothing but a complete compliance with the law, will answer the end of the law. An attempt is here made to show that there has been a compliance with the first condition mentioned in the bond. If this attempt has failed the defence fails.

The defence fails for two reasons :—

First. Because the justices who assumed to act in the matter, had no jurisdiction in the case. And second, Even if they had jurisdiction, their subsequent proceedings were not such as the statute requires.

It is absolutely essential that the justices who signed the certificate mentioned in the agreed statement of facts, had jurisdiction of the matter, else their proceedings were *coram non judice* and void. This point has been repeatedly decided by this Court. In the argument on this point, the following authorities were cited. Rev. Stat. c. 148, § 46; Stat. 1844, c. 88; 15 Maine R. 337; 18 Maine R. 340; 13 Maine R. 136; 1 Johns. Cas. 20; 3 Wend. 267; 19 Johns. R. 37; Stat. 1836, c. 195, § 10; 23 Maine R. 489; 24 Maine R. 196 and 166 and 451; 23 Maine R. 26.

This Court has repeatedly decided, that when the proceedings, intended for the performance of the condition of a "poor debtor bond, takes place before justices having no jurisdiction" they are wholly void. *Ware* v. *Jackson*, 24 Maine R. 166; *Hovey* v. *Hamilton*, 24 Maine R. 451.

But even had the justices jurisdiction in the outset, the subsequent proceedings before them were not such as the statute requires, but in direct violation of both its letter and spirit. Consequently the oath was illegally administered and its administration wholly inoperative.

The case finds that the justices did not examine the notification and return, nor adjudge the same to be correct and in due form. Nor did they examine the debtor on his oath concerning his estate and effects, nor concerning his ability to pay the debt on which he had been arrested; all of which they are required to do by the statute before proceeding to take the disclosure.

Let us for a moment examine only one or two acts of proceedings before them; see what the statute requires in such case; and how their proceedings conform to the statute.

Chap. 148, sec. 29, Revised Statutes, provides: —

That whenever from the disclosure of any debtor, arrested or imprisoned on execution, &c. it shall appear that he possesses

or has under his control any bank bills, notes, &c. &c., or other property not expressly exempt by statute from attachment, &c. &c., if the debtor and creditor cannot agree to apply the same in part or whole discharge of the debt, the debtor may choose one disinterested person, &c. &c. The appraisers thus chosen and sworn, are to appraise such property.

The case finds that the description of property specified in the section above named was disclosed by the debtor.

On that property, thus disclosed, the creditor had a lien. The moment it was disclosed by the debtor his rights to it were fixed; his claim had precedence over all other claims.

The language of the statute giving his claim precedence over all others is express. c. 148, § 19.

That section, taken in connexion with the 29th section, shows clearly that the creditor, on whose demand the debtor is disclosing, has the right to the property disclosed to the exclusion of all others.

And the same has made it the duty of the debtor and justice to see that it was legally appropriated to the creditor's use in part discharge of his debt; and by the 30th section of the same chapter, thirty days are given to the creditor within which to take such property.

It would be the right of the justices unquestionably to exact their legal fees for taking the disclosure, before entering upon the disclosure, and then is the time when they ought to do so, unless they extend a credit to him for their fees, which they can do by acts as well as words.

By not exacting their fees before the disclosure was entered upon, they waive any right of theirs to any property disclosed by the debtor, whether as payment of fees in that particular case or on account of any indebtedness to them by the debtor generally.

In the case of *Harding* v. *Butler*, 21 Maine R. 191, the principle is settled, that the property disclosed must be disposed of as the statute contemplates or the whole proceedings of the justices are void.

*A. Waterhouse,* for the defendants.

The defendants rely upon the performance of the first alternative in the condition of the bond.

This alternative is, that the debtor " will within six months cite the creditor before two justices of the peace and quorum and submit himself to examination, and take the oath prescribed in the 28th section of chap. 148, Revised Statutes."

In proof of performance, the defendants put into the case, the certificate of two justices of the peace and quorum, of the examination and discharge of the debtor. This, if not conclusive, is competent evidence of the facts which it proves.

From the certificate, it appears clearly and positively in the language of the condition, that the debtor within six months did cite the creditor before two disinterested justices of the peace and quorum, did submit himself to examination and did take the oath prescribed in sect. 28, chap. 148, of the Revised Statutes. By this we prove a complete and literal performance of this alternative of the condition of the bond, and make out a full defence.

The first objection is founded on the assumption of what is not true.

The following authorities go to the extent, that the authority of the justices cannot be contradicted collaterally, in a suit in which they are not parties. *Buckman* v. *Ruggles,* 15 Mass. R. 180; *Nason* v. *Dillingham,* 15 Mass. R. 170; 9 Mass. R. 231; Johns. R. 549; 10 Mass. R. 290; 1 Metc. 359; 18 Maine R. 340.

The second objection to our defence is, that " the proceedings before the justices, admitting their jurisdiction in the outset, were not such as the statute requires, but in direct violation of its letter and spirit."

But it has been repeatedly settled, that the certificate is evidence, competent evidence at least, that the justices examined the notification and return, and adjudged the same to be correct; also that they examined the debtor on his oath concerning his estate and effects, and his ability to pay the debt; in short, of all the preliminaries as well as of the administration

of the oath. *Colby* v. *Moody,* 19 Maine R. 111 ; *Brown* v. *Watson,* 19 Maine R. 452; *Carey* v. *Osgood,* 18 Maine R. 152 ; *Burnham* v. *Howe,* 23 Maine R. 489.

But it further appears by the agreed statement, that during the course of the examination conducted by the plaintiff's counsel, the isolated fact was disclosed by the debtor, that he was or had been possessed of a five dollar bank bill, and one dollar in specie. This was not appraised. And upon this fixed fact the plaintiff rests all his hopes. For disguise it as they may, it has always been the understanding of all parties that the case would turn on this point alone. The case was made up with especial reference to it, with the understanding, as I supposed, that all other points were waived.

The debtor disclosed that he had in his possession a five dollar bank bill on the bank of Bangor, and one dollar in specie, with which he calculated to pay the expenses of his disclosure.

Before the oath was administered it was paid away for the expenses of his disclosure.

Were the justices authorized to give the oath ?

Sec. 29, chap. 148 does provide that whenever from the disclosure it appears that the poor debtor possesses any bank bills or other property, &c., it shall be appraised in the manner there pointed out. This, however, is not a prerequisite to the administration of the oath; as will appear from an examination of sec. 27 of the same chapter.

The appraisal of the property follows in order of time the administration of the oath; but sec. 31st requires that sec. 29 shall be complied with before the justices make out and deliver the certificate. The oath then was properly administered.

It was held, indeed, in *Harding* v. *Butler,* 21 Maine R. 191, that the appraisal was a prerequisite to the administration of the oath; but that was a decision under the act of 1839, chap. 412, and is evidently controled by sections 27 and 31 of chap. 148 of the Revised Statutes.

But if this view be wrong, under the other construction do the facts sustain the plaintiff's objection ?

Butman *v.* Holbrook.

If the justices had no authority to administer the oath, if it appeared that the debtor had in his possession " a five dollar bank bill, and one dollar in specie ; does the case find these facts ? Does it not appear on the contrary, that he did not, when the oath was administered, have in his possession a five dollar bill and one dollar in specie.

How could the justices require him to secure to the plaintiff, what he had not ? But the plaintiff complains that he once had the five dollar bank bill and disposed of it by unfair means.

The facts are that the debtor came to the place of disclosure possessed of six dollars, which he had undoubtedly procured for the express purpose of " paying the expenses of his disclosure." It was set apart in his own mind and perhaps borrowed for that purpose. He states this to be his design ; he pays three dollars to his attorney, and three dollars to the justices who exact it before administering the oath. 'Tis all he has — He is penniless, and yet they would deprive him of the benefit of the " act for the relief of poor debtors." And they would place every man in this dilemma. If he have not money enough to pay the expenses of his disclosure, as he has no credit, neither attorney or justices will aid him, and the benefit of the poor debtor act is out of his reach.

If he have money to pay his expenses and a part happens to be in a " bank bill," it will do no good to take the oath for the proceedings are void, and the poor debtor act has no relief for him. The law is reasonable and consistent with itself, but this construction would make it defeat its object. It would be but a mockery instead of a " relief of poor debtors." For no man could take the benefit of it.

But it is said that the money should have been paid the justices before the disclosure commenced, before in fact it was due them.

And the fact of its being mentioned in the disclosure would suspend the debtor between two alternatives neither of which were open to him ; he could neither advance or recede ; if he turned the money over to the creditor, the justices would

not give the oath — if he paid the justice fees with it the proceedings would be void.

The opinion of the Court was drawn up by

WHITMAN C. J. — By the Rev. Stat. c. 148, § 34, it is provided, that "If the debtor shall as aforesaid disclose any personal estate liable to be levied upon by said execution, the creditor shall also have a lien thereon, or so much thereof as the justices in their record shall judge to be necessary for the term of thirty days." And the debtor is not to dispose of any property on which the creditor has such lien within that time. If he should, he is to lose all benefit from the certificate granted by the justices. The debtor in this case disclosed, that he had in his possession a five dollar bank bill and a dollar in silver. By the Rev. Stat. c. 117, § 3, it is provided that these may be taken on execution. The lien therefore attached to the bank bill and silver in favor of the creditor, and they could not be disposed of otherwise, within the thirty days next after the disclosure, without working a forfeiture of all benefit from his certificate. The statement is, that, after the disclosure, and before he was admitted to take the oath, he paid away the bank bill to the justices and his attorney. This brings the case within the literal import of the statute to work a forfeiture.

But it is urged, that in his disclosure, he stated that he had the bank bill and silver dollar for the purpose for which it was applied, and that it would be unreasonable, so to construe the statute, as to deprive the debtor of the means of defraying the expenses of obtaining a discharge under the act for the relief of poor debtors. There is some force in this position, perhaps, but not enough to authorize us to disregard the literal import of the statute. Counsel sometimes, if eminent especially, exact large fees for services, sometimes not very arduous. If we might allow a debtor to retain one sum to remunerate his counsel, we might another, and this might amount to a large sum, and open a door to abuse and malpractice. The debtor might collude with some such attorneys as the present provis-

ions for their admission may introduce into the profession, and agree to pay a large sum, with the hope, or an understanding, that it would in part be afterwards restored to him. The fees payable to the justices are small as provided by statute, such as a debtor might well pay before making a disclosure, so that he might well guard himself against liability to be injured by the construction we put upon the statute.

*Defendants defaulted.*